IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PACIFIC FRONTIER, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>TAYLORSVILLE CITY, et al.,<br><br>　　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:02-CV-129 TC<br><br>Consolidated - Lead Case |

　　　　In this First Amendment commercial speech case, brought pursuant to 42 U.S.C. § 1983, the Plaintiffs challenge the constitutionality of the City of Taylorsville's former and current solicitation ordinances regulating door-to-door sales practices. Generally speaking, the Plaintiffs market and sell Kirby vacuum cleaners through door-to-door solicitation. Plaintiffs have submitted a Motion to File Second Amended Complaint. The Defendants oppose the motion to amend on the basis that amendment would be futile. Specifically, the Defendants contend that the Plaintiffs (the original and proposed plaintiffs) do not have standing, and, even if they did, the allegations set forth in the proposed Second Amended Complaint do not state a claim upon which relief may be granted. For the reasons set forth below, the Plaintiffs' Motion to File Second Amended Complaint is GRANTED IN PART AND DENIED IN PART.

**I. PROCEDURAL BACKGROUND**

　　　　On October 25, 2004, the Plaintiffs filed an Amended Complaint. The Plaintiffs at that time consisted of corporate entities referred to as Distributors (Pacific Frontier, Inc., J&L

Distributing, Inc., Edman & Sons, Inc., GPIII, Inc., and Geneva Distributing, Inc.) and a regional sales association (Redwood Division Pro Club 100%, Inc.).  No individuals, such as the individual Kirby dealers, were listed as plaintiffs.  The Defendants at the time (Taylorsville City, the Mayor of Taylorsville, members of the Taylorsville City Council, Salt Lake County, and Salt Lake County Sheriff Aaron Kennard) filed a motion to dismiss the Amended Complaint.  In response to the Defendants' standing argument, the court granted the motion to dismiss without prejudice, allowing the Plaintiffs to file a proposed second amended complaint to correct any deficiencies noted by the Defendants.  The motion currently before the court was filed in response to the court's March 15, 2005 directive.  See Mar. 15, 2005 minute entry (Docket No. 22) ("After hearing argument from counsel, the court grants motion to dismiss without prejudice.  Mr. Taylor [Plaintiffs' counsel] will have three weeks to file motion to amend complaint.  Mr. Stirba [Defendants' counsel] will have three weeks to respond.").

    In the proposed Second Amended Complaint, some of the Plaintiffs and Defendants have changed.  Plaintiffs kept all but two of the original corporate Distributor Plaintiffs (Edman & Sons, Inc. d/b/a Kirby of Utah and Idaho, and Geneva Distributing, Inc. were eliminated from the Complaint) and added certain individual dealers (Steve Mantz, Ron Sylvester, G. Paul Reynolds, Carson Artz, Parham Rezacipour, and Ben Lansford).  As for the list of Defendants, Plaintiffs eliminated the members of the Taylorsville City Council, Salt Lake County, and Salt Lake County Sheriff Aaron Kennard from the list and added Chief Marx, Police Chief of Taylorsville.  Plaintiffs name the individual defendants (Taylorsville's mayor and chief of police) in their official capacities only.  Accordingly, Plaintiffs seek to bring a § 1983 municipal liability action against Taylorsville City (hereinafter "Taylorsville," or "the City," or "Defendants").

In their proposed Second Amended Complaint, Plaintiffs assert the following causes of action under 42 U.S.C. § 1983: (1) "Vagueness & Denial of Due Process"; (2) "Prior Restraint on Speech"; (3) "Unconstitutional Fee and Bond Requirement"; and (4) "Infringement on Commercial Speech." (See Proposed Second Amended Complaint.) The Plaintiffs, who challenge the ordinances on a facial as well as an as-applied basis, seek monetary damages, declaratory relief, injunctive relief, and attorneys' fees and costs (all pursuant to 42 U.S.C. § 1983 and § 1988) (Id.)

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) makes clear that leave to file an amended complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Still, because the permissive period within which to amend the complaint has passed, the decision to grant leave is within the court's discretion. Id.; Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994). If granting leave to file the proposed amended complaint would be futile, the court may deny the party's request. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000) ("If the proffered amendments fail to cure the deficiencies of the original complaint or if the newly asserted claims would be futile, denial of a motion to amend is appropriate.") (citing Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir 1997)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859-60 (10th Cir. 1999) (considering sufficiency of allegations in complaint to determine whether amendment was futile).

The Defendants assert that allowing Plaintiffs to file their proposed Second Amended Complaint would be futile "because Plaintiffs cannot create standing by adding additional parties

to the complaint where none of the original parties had standing; none of the original plaintiffs have suffered an actual injury that would give them standing for an as-applied challenge; the First Amendment will not apply to allow a facial challenge when the only prior restraint or overbreadth alleged concerns only 'core commercial speech,' and Plaintiffs still fail to state a claim under § 1983 because they have not alleged any state action depriving them of constitutional rights." (Pls.' Mem. in Opp'n. to Pls.' Mot. to File Second Am. Compl. at 2-3.)

A. **Do the Plaintiffs have Standing?**

Plaintiffs have the burden of proving that they have Article III standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To establish Article III standing, the Plaintiffs must show that a case or controversy exists. Id. at 559-60. Specifically, the Plaintiffs must show that they have suffered an injury-in-fact, that there is a causal connection between their injuries and the challenged conduct (the injuries must be "fairly traceable" to the challenged conduct of the Defendants), and that it is likely the injury will be redressed by a decision favorable to the Plaintiffs. Id. at 560-61. The "injury in fact" must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical'." Id. at 560 (internal citations and quotation marks omitted).

In addition to the constitutional "case or controversy" requirement, courts must take into account prudential considerations to determine whether the plaintiff has standing. See Warth v. Seldin, 422 U.S. 490, 499 (1975). That is, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id.

In the context of a facial challenge to an ordinance under the First Amendment, however, the prudential standing requirements are relaxed. Virginia v. American Booksellers Ass'n, 484 U.S. 383, 392 (1988); Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1287 n.13 (10th Cir. 2002). As the United States Supreme Court noted:

> Even if an injury in fact is demonstrated, the usual rule is that a party may assert only a violation of its own rights. However, in the First Amendment context, "'[l]itigants . . . are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'"

Id. at 392-93 (internal citations omitted).

In cases involving a pre-enforcement challenge to the language of a statute or regulation, a plaintiff may establish standing by showing either a credible threat of prosecution or the statute's chilling effect on free expression. Mangual v. Rotger-Sabat, 317 F.3d 45, 56-57 (1st Cir. 2003). In such a case, the evidentiary bar to establish standing is low. See, e.g., Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (standing satisfied where the plaintiff "has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution" under that statute); Mangual, 317 F.3d at 57 ("As to whether a First Amendment plaintiff faces a credible threat of prosecution, the evidentiary bar that must be met is extremely low."); New Hampshire Right To Life Political Action Comm. v. Gardner, 99 F.3d 8, 15 (1st Cir. 1996) ("[C]ourts will assume a credible threat of prosecution in the absence of compelling contrary evidence.").

**1.      Standing to Bring Facial Challenge**

    a.      <u>Organizational Plaintiffs</u>

        i.      Distributors

The court finds that the Distributor Plaintiffs have standing to pursue their facial challenge to the solicitation ordinance. The Distributors have their own First Amendment interests in advertising their wares to the general public. Because the avenue by which they have chosen to sell their product (door-to-door solicitation) is the sole avenue used by Kirby and its Distributors, the solicitation ordinances do indeed affect them and their constitutional rights. The fact that the Dealers are independent contractors of the Distributors is of no consequence.

Also, while the Distributor Plaintiffs may not face direct threat of criminal prosecution, they have amply alleged that they have refrained from selling their wares in Taylorsville because of the burdens placed on their sales force and potential criminal sanctions faced by the Dealers. <u>See, e.g</u>, <u>Mangual v. Rotger-Sabat</u>, 317 F.3d 45, 56-57 (1st Cir. 2003) (in cases involving a pre-enforcement challenge to the language of a statute or regulation, a plaintiff may establish standing by showing either a credible threat of prosecution <u>or the statute's chilling effect on free expression</u>). The Distributors' only method by which they can advertise their wares is through the use of the Dealers, who are directly affected by the statute. The interests of the Dealers and the Distributors are intertwined and cannot be artificially separated.[1]

---

[1] Because the court finds that the Distributors have standing in their own right, the court does not reach the issue raised by the Defendants that the Plaintiffs cannot create standing by adding additional parties to the complaint where none of the original parties had standing.

ii.     Redwood Division Pro Club 100%, Inc.

The situation, however, for Redwood Division Pro Club 100%, Inc. ("Redwood") is different.  Redwood's only alleged injury is economic and there is no evidence that Redwood has a free speech interest that is somehow being infringed upon as a result of the solicitation ordinances.  Because Redwood essentially brings its causes of action under 42 U.S.C. § 1983, it does not have standing because it has not demonstrated a personal civil right affected by the solicitation ordinances.  Accordingly, the court finds that, based on the allegations of the proposed Second Amended Complaint, Redwood does not have standing to pursue this action.

b.     <u>Individual Plaintiffs (the Dealers)</u>

Each individual Plaintiff has sufficiently alleged facts establishing standing to challenge the solicitation ordinances at issue in this case.  Each Plaintiff has an interest in engaging in commercial speech, has expressed a desire to solicit in Taylorsville, and has alleged facts of his actual solicitation and/or his intent to solicit in Taylorsville.  At least one has been arrested for soliciting in Taylorsville.  All have refrained from soliciting for fear of criminal prosecution under the solicitation ordinances.

Indeed, Taylorsville has not said that it will not enforce its solicitation ordinance.  And the allegations show that Taylorsville has demonstrated that it will enforce its solicitation ordinance.  Taylorsville's past enforcement action coupled with its actions in repealing and replacing its former solicitation with the current solicitation ordinance (both of which are being challenged by the Plaintiffs) demonstrates its desire to establish a constitutional ordinance capable of enforcement.

Finally, there is no question that a decision favorable to the individual Plaintiffs would

redress their injuries.  Based on the allegations in the Second Amended Complaint, and the low evidentiary bar to establish standing in the context of a facial challenge, the court finds that all individual Plaintiffs (the Dealers) have properly alleged facts establishing standing to pursue this action.

        2.    **Standing to Bring an As-Applied Challenge**

The court disagrees, however, with the Plaintiffs with respect to their as-applied claims. The Plaintiffs allege that Ron Sylvester (a proposed plaintiff) was arrested and prosecuted under Taylorsville's former ordinance.  They do not allege any other enforcement action under the former or current ordinances.  Given the Plaintiffs' allegations and the law on standing, the court finds that, of all the Plaintiffs, only Ron Sylvester has standing to bring an as-applied challenge, and only then to the former solicitation ordinance.  To allow any of the other Plaintiffs to assert as-applied claims would be futile because the court finds they do not have standing to do so.

**B.**    **Does Plaintiffs' Second Amended Complaint State a Claim for Prior Restraint or Overbreadth in the Context of Commercial Speech?**

The Defendants contend that the prior restraint and overbreadth doctrines in First Amendment law do not apply to commercial speech.

The Defendants are correct that the overbreadth doctrine does not apply to commercial speech.  See National Council for Improved Health v. Shalala, 122 F.3d 878, 882 n.6 (10th Cir. 1997).  Accordingly, allowing Plaintiffs to bring a claim of overbreadth against the Defendants in the proposed Second Amended Complaint would be futile.

The Plaintiffs may, however, assert their commercial speech rights in the context of a prior restraint claim.  See Pacific Frontier v. Pleasant Grove City, ___ F.3d ___, 2005 WL

1625238, Nos. 04-4010 & 04-4018, Slip Op. at 8 ("We conclude that our decision in ACORN [allowing a facial challenge alleging a prior restraint] should extend to cases involving commercial speech."); see also Nutritional Health Alliance v. Shalala, 144 F.3d 220, 227-28 (2d Cir. 1998) ("[T]he prior restraint doctrine does play a role in evaluating the regulation of commercial speech. . . . [T]he test that the Supreme Court regularly applies to commercial speech supports continuing to require procedural safeguards for prior restraints even where commercial speech is involved. That test requires us to consider whether the regulation . . . is not more extensive than is necessary to serve [the asserted governmental] interest.") (internal citations and quotation marks omitted).

**C.     Have Plaintiffs Alleged a Municipal Liability Claim Under § 1983?**

Defendants contend that the Plaintiffs fail to allege a Section 1983 municipal liability claim against Taylorsville.[2] A municipality may be liable under § 1983 if "the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Camfield v. City of Oklahoma City, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal citations and quotation marks omitted). See also Monell v. Department of Soc. Servs. of the City of New York, 436 U.S. 658, 690, 694 (establishing that municipalities may be directly liable under § 1983 for monetary, declaratory, or injunctive relief "when execution of a

---

[2]Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

Here, Plaintiffs sufficiently allege that the City of Taylorsville enacted or enforced the solicitation ordinances under color of law and that the ordinances themselves reflect an official policy of the City enacted by officials with final policy making authority (that is, the Taylorsville City Council).  Plaintiffs (with the exception of Redwood) also sufficiently allege that their First Amendment constitutional rights have been deprived, at a minimum, based on the chill created by the solicitation ordinances (both former and current).  That is all they need to allege in order to satisfy the standards governing amendment of their complaint.  See, e.g., Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982) ("[T]he procedural scheme created by the statute obviously is the product of state action.  This is subject to constitutional restraints and properly may be addressed in a § 1983 action, if the second element of the state-action requirement [deprivation of a right] is met as well."); McGuire v. Reilly, 386 F.3d 45, 60 (1st Cir. 2004) ("Sometimes, as plaintiffs state, the statute itself can provide the requisite state action, at least if there is some threat that the statute will be enforced by state personnel.") (citing to Lugar).

**ORDER**

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to File Second Amended Complaint, as follows:

1. The court finds that the Plaintiffs (both original and proposed), with the exception of Redwood Division Pro Club 100%, have standing to assert one or more of the claims set forth in the proposed Second Amended Complaint.

2. The court grants Plaintiffs leave to file their proposed Second Amended Complaint, but such permission is granted only if Plaintiffs file a Second Amended Complaint consistent with the holding in this Opinion.

IT IS SO ORDERED this 5th day of August, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge